# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997



FILED

December 16, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9608-CR-00313 |
| | ) | |
| Appellee, | ) | HAMILTON COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. STEPHEN M. BEVIL, JUDGE |
| DAVIS OLIVER BROWN, | ) | |
| | ) | (VEHICULAR ASSAULT; |
| Appellant. | ) | VEHICULAR HOMICIDE) |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
Assistant Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN 37402

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243-0943

WILLIAM COX
District Attorney General

JOHN A. BOBO, JR.
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Davis Oliver Brown, appeals as of right from the sentences imposed by the trial court upon his pleas of guilty to vehicular homicide and vehicular assault in the Criminal Court of Hamilton County. Defendant pled guilty without any agreement between himself and the State as to the length or manner of service of the sentences. The trial court sentenced Defendant, as a Range I, Standard Offender, to the maximum sentence of twelve (12) years for the vehicular homicide conviction and the maximum sentence of four (4) years for the vehicular assault conviction. The court further ordered the sentences to be served consecutively. In this appeal, Defendant presents two issues for review: (1) whether the trial court erred by imposing the maximum sentences in each case and (2) whether the trial court erred by ordering the sentences to be served consecutively. We affirm the judgment of the trial court.

At approximately 11:18 p.m. on July 13, 1995, the Defendant was involved in a two-vehicle wreck on Interstate 24 within the city limits of Chattanooga. The record indicates that just prior to the wreck Defendant was traveling eastbound on Interstate 24, and the victims, Timothy Clevenger and his brother, Andy Clevenger, were traveling in a vehicle westbound on Interstate 24. The collision occurred in the westbound lane. The vehicle was owned by Timothy Clevenger, who died as a result of the wreck. Andy Clevenger suffered extensive injuries as a result of the collision. From the photographs of the wreck which are in the record, and from the traffic accident report, it is indicated that the wreck was a head-on collision. Although the traffic accident report indicates that it consists of

six (6) pages, only the first page was included in the pre-sentence report as part of the record on appeal.

Chattanooga Police Officer Robert Simpson testified during the sentencing hearing. After the wreck, he searched the Defendant's vehicle pursuant to a search warrant. He found various papers which were introduced into evidence, including documents showing that the Defendant had been ordered to attend a DUI school in February of 1995, but that he had failed to attend as required. Officer Simpson also testified that he found numerous beer cans inside the Defendant's vehicle. The victims' father testified at the hearing as to the impact of the crime upon his family and his surviving son.

At the time of the sentencing hearing, Defendant was 32-years-old. He had been self-employed prior to the charges being placed against him in the present case. He testified that he takes full responsibility for the car wreck.

Defendant admitted during his testimony that he had "been drinking all day long" and that he "shouldn't have been out there driving." The pre-sentence report shows an extensive prior record of Defendant. He testified, however, that someone else had used his name in the past and therefore, several of the offenses in the record had not been committed by him. The State offered no evidence to contradict Defendant's assertions that certain of the listed offenses had not been committed by him. However, the Defendant did admit to at least four (4) prior arrests for various misdemeanors, which led to three (3) prior convictions and one disposition by diversion. These prior convictions included one for DUI, one for reckless driving and one for public intoxication. Further

evidence at the sentencing hearing revealed that both the conviction for DUI and the conviction for public intoxication had occurred in 1995, and that Defendant was convicted of public intoxication while on probation from the DUI offense. In fact, Defendant had been charged with public intoxication approximately one month prior to the automobile wreck which resulted in the present charges of vehicular homicide and vehicular assault. Defendant admitted that he was an alcoholic, but that he had never received treatment for his alcohol abuse except for AA meetings while in jail for the present offenses. Defendant expressed his sympathy to the victims' family and explained that he wished he could trade places with Timothy Clevenger. He stated that he thought the accident would prevent him from ever drinking alcoholic beverages again.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider the evidence adduced at trial and the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel relative to sentencing alternatives, the nature of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. § 40-35-210; State v. Parker, 932 S.W.2d 945, 955-56 (Tenn. Crim. App. 1996).

-4-

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## I. LENGTH OF SENTENCE

The Defendant argues that the trial court erred by imposing the maximum sentences of twelve (12) years for the vehicular homicide conviction and four (4) years for the vehicular assault conviction. The trial court found that five (5) enhancement factors were applicable:

(A)     The Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(1);

(B)     As to the vehicular assault conviction only, the personal injuries inflicted upon the victim were particularly great. Tenn. Code Ann. § 40-35-114(6);

(C)     The Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(8);

(D)     As to the vehicular assault conviction only, the Defendant had no hesitation about committing a crime when the risk to human life was high. Tenn. Code Ann. § 40-35-114(10); and

(E)     The felonies were committed while the Defendant was on a form of release status, if such release is from a prior felony conviction. Tenn. Code Ann. § 40-35-114(13)(C).

The trial court found that no mitigating factors applied.

Therefore, the trial court found that three (3) enhancement factors under Tennessee Code Annotated section 40-35-114 applied to the vehicular homicide conviction, and five (5) of the enhancement factors in that statute applied to the vehicular assault conviction.

We find that the trial court properly applied enhancement factor number (1) in this case. The Defendant has at least four (4) prior arrests and three (3) prior convictions for offenses involving alcohol or drugs. Two of the offenses also involve unlawful conduct while operating a motor vehicle. Even though all of these prior offenses were misdemeanors, the statute does not require the prior record to be comprised of felonies. Tenn. Code Ann. § 40-35-114(1). We also find that enhancement factor number (8) was properly applied by the trial court. Defendant was on probation for a DUI conviction when he was arrested and convicted of public drunkenness only a few weeks before the commission of the offenses under review in this case. Therefore, it is clear that Defendant is unwilling to comply with conditions involving release into the community.

We find that the trial court erred by applying enhancement factor number (6) to the vehicular assault conviction. In State v. Jones, 883 S.W.2d 597 (Tenn. 1994), our supreme court held that "proof of serious bodily injury will always constitute proof of particularly great injury." 883 S.W.2d at 602. In State v. Rhodes, 917 S.W.2d 708 (Tenn. Crim. App. 1995), our court held that in a vehicular assault case, the enhancement factor found at Tennessee Code Annotated section 40-35-114(6) was an element of the offense requiring serious bodily injury. 917 S.W.2d at 714.

In addition, we find that the trial court erroneously applied enhancement factor (13)(C). That statute plainly states as follows:

> (13) The felony was committed while on any of the following forms of release status if such release is from a prior <u>felony</u> conviction
> . . .
> (C) Probation
> . . .

Tenn. Code Ann. § 40-35-114(13)(C) (emphasis added).

Since Defendant was not on probation from a prior felony conviction at the time of the commission of the present offenses, this particular enhancement factor cannot be applied.

The Defendant also argues that the trial court improperly applied enhancement factor (10) to the vehicular assault conviction. It is true that this factor is inapplicable to a vehicular assault conviction where the only risk to human life is the risk to the victim. See <u>State v. Hicks</u>, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993). However, the factor may be applied in circumstances where individuals other than the victim are in the area of the defendant's criminal conduct and are subject to injury. <u>State v. Sims</u>, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995).

The trial court did not specifically elaborate upon what facts were involved in this case which caused the court to believe that factor (10) was applicable. However, we note from this record that the wreck occurred on an interstate highway within the city limits of an urban area. The proof indicates a head-on collision wherein the Defendant crossed from the eastbound lanes of Interstate 24 to the westbound lanes of Interstate 24. It was undisputed that his blood alcohol content following the wreck was .281.

As stated above, this case proceeded to a sentencing hearing following guilty pleas entered by the Defendant. Rule 11(f) in the Tennessee Rules of Criminal Procedure states that "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The transcript of the guilty plea hearing was not included in the record on appeal in this case. It is the appellant's duty to have prepared an adequate record in order to allow a meaningful review on appeal. Tenn. R. App. P. 24(b); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). It would have been much simpler and easier for this Court to review this issue if the entire traffic accident report had been included within the pre-sentence report, or if the State had elicited further proof as to the particular circumstances of the offense at the sentencing hearing. However, we must assume that the trial court did not allow a judgment to be entered upon the guilty pleas without finding a factual basis for the pleas. This would normally include the particular circumstances of this offense. In addition, we are able to glean from this record, as stated above, that the wreck occurred on an interstate highway within the city limits of an urban area after the Defendant had left the eastbound lanes and entered the westbound portion of the highway. Without the guilty plea hearing being made a part of the transcript, we are unable to say that the trial court erred in applying factor (10). We are able to reach this conclusion even though from this record it is clear that enhancement factors (6) and (13)(C) are not applicable by their very nature.

The Defendant argues that the trial court erred by failing to find that he was remorseful under miscellaneous mitigating factor (13). Tenn. Code Ann. § 40-35-

113(13). At the sentencing hearing, the Defendant expressed his sympathy to the victims' family and said he would trade places with their son, Timothy, if he could. Although the record does reflect some expressions of remorse, the trial court heard the evidence, saw the Defendant firsthand, and then ruled based upon its observation. When a factual issue is involved, we must generally defer to the assessment of the trial court. Even if some evidence of mitigation did exist, where the mitigation factors are strongly outweighed by the enhancement factors, the maximum sentence would still be warranted. State v. Ruane, 912 S.W.2d 766, 785 (Tenn. Crim. App. 1995).

We therefore find that there was no error in the trial court's application of enhancement factors (1) and (8) to both convictions, and in addition the application of enhancement factor (10) to the vehicular assault conviction. Under the circumstances of this case, great weight should be placed upon enhancement factors (1) and (8). As stated above, Defendant pled guilty to DUI in early 1995. While on probation for this offense, he committed the offense of public intoxication. While on probation for both of these alcohol related offenses, one of which also involved operation of a motor vehicle, he committed the offenses which led to the present convictions on appeal. We also note the record reflects that when arrested for public intoxication in June of 1995, he was passed out inside his vehicle. We hold that the three (3) applicable enhancement factors, along with a finding of no mitigating factors, justifies the sentences imposed by the trial court. This issue is without merit.

## II. CONSECUTIVE SENTENCING

The trial court ordered consecutive sentencing after making a finding that Defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. Tenn. Code Ann. § 40-35-115(4). The trial court also noted on the consecutive sentencing issue that Defendant was on probation at the time of the commission of the offenses of vehicular homicide and vehicular assault.

Defendant strongly argues that he is not a dangerous offender as defined by the statute and case law, and as such, the trial court's order of consecutive sentencing should be reversed. However, there is no dispute that Defendant was on probation at the time of the commission of the offenses. Unlike the enhancement factor found in Tennessee Code Annotated section 40-35-114(13)(C) in which there is a requirement that the Defendant be on probation from a felony conviction, Tennessee Code Annotated section 40-35-115(6) merely requires that to justify consecutive sentencing, the Defendant is sentenced for "an offense committed while on probation." We also find from the record that consecutive sentencing is necessary to protect the public against further criminal conduct by the Defendant and that consecutive sentencing is reasonably related to the severity of the offenses committed. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

This issue is without merit.

We affirm the judgment of the trial court.

-10-

_____

THOMAS T. WOODALL, Judge

CONCUR:

_____

DAVID H. WELLES, Judge

_____

JOHN K. BYERS, Senior Judge

-11-