# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL SESSION, 1999

FILED

July 14, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9807-CR-00245 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. MARY BETH LEIBOWITZ |
| ANTHONY T. JONES, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - Aggravated Robbery) |

FOR THE APPELLANT:

THOMAS SLAUGHTER
501 Clinch Avenue, 3rd Floor
Knoxville, TN  37902

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ERIK W. DAAB
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  337243

RANDALL E. NICHOLS
District Attorney General

ROBERT JOLLEY
Assistant District Attorney
City-County Building
Knoxville, TN  37902

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On October 1, 1997, the Knox County Grand Jury indicted Appellant Anthony T. Jones for one count of aggravated robbery. After a jury trial on May 11, 1998, Appellant was convicted of aggravated robbery. After a sentencing hearing on June 5, 1998, the trial court sentenced Appellant as a Range I standard offender to a term of twelve years in the Tennessee Department of Correction. Appellant challenges both his conviction and his sentence, raising the following issues:

> 1) whether the evidence was sufficient to support Appellant's conviction;
> 2) whether the trial court erred when it refused to consolidate this case with another case in which Appellant was charged with first degree murder; and
> 3) whether the trial court erroneously imposed an excessive sentence.

After a review of the record, we affirm the judgment of the trial court.


## I. FACTS

On August 23, 1997, at approximately 11:00 p.m., Matthew Miller walked to his car after he completed a shift at his place of employment. After Miller got in his car and rolled down the window, James Mellon approached Miller and asked whether he had a cigarette lighter. When Miller began searching for his cigarette lighter, Mellon pulled out a chrome handgun and demanded Miller's wallet and car keys. Miller gave Mellon his car keys and his wallet which contained $40.00. Mellon then got into a vehicle and drove away. Miller could see that the vehicle was occupied by additional individuals.

On August 26, 1997, Appellant waived his right to remain silent and his right to counsel and gave a statement to the police. In his statement to the police, Appellant stated that he was driving around in a car with Mellon and some other individuals when Mellon said that they needed to get some money so that they could buy some marijuana. At some point, there was a discussion about "ripping off a drug dealer, or a drug house or something." When Appellant was asked whether he knew what "everybody was talking about going and doing," Appellant responded, "everybody knew what was going on. There can't nobody sit there and lie and say they didn't, because, you know what I'm saying."

Appellant stated that the group then did some more driving around and Mellon eventually got out of the car and robbed Miller with the gun that Appellant had brought with him that night. Appellant stated that he watched the robbery from approximately one parking space away and believed at first that Mellon was bluffing.

Appellant stated that when Mellon returned to the car, Mellon gave Miller's wallet to "E." "E" then took the money out of the wallet, and the group spent $20.00 to purchase marijuana and $20.00 to purchase something else.

Appellant subsequently told the police that the gun used in the robbery could be located at his girlfriend's house, and the police later retrieved the gun from that location.

## II. SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his conviction for aggravated robbery.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with Appellant to demonstrate the insufficiency of the convicting evidence. Id. On appeal, "the [S]tate is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." Id. Where the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Finally, Rule 13(e) of the Tennessee Rules of Appellate Procedure

provides, "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact beyond a reasonable doubt."

Under Tennessee law, "[r]obbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997). Further, aggravated robbery is a robbery which is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon." Tenn. Code Ann. § 39-13-402(a)(1) (1997). In addition, "[a] person is criminally responsible for an offense committed by the conduct of another if . . . [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2) (1997).

In this case, there is no dispute that Mellon committed the offense of aggravated robbery by using a deadly weapon to take property from Miller by putting him in fear for his safety. Essentially, the only dispute is whether the evidence was sufficient to establish beyond a reasonable doubt that Appellant was guilty of aggravated robbery because he was criminally responsible for the conduct of Mellon.

Initially, Appellant contends that the evidence was insufficient to support his conviction because there was no proof that he ever put Miller in fear, that he took anything directly from Miller, or that he exercised direct control over the

property that was taken from Miller. However, this argument is completely irrelevant in the situation presented sub judice. In order to establish Appellant's guilt, the State had to prove that Appellant "solicit[ed], direct[ed], aid[ed], or attempt[ed] to aid" Mellon in the commission of the aggravated robbery "with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense." See Tenn. Code Ann. § 39-11-402(2) (1997). Contrary to Appellant's assertion, nothing in the criminal responsibility statute required the State to prove that Appellant had committed the offense of aggravated robbery himself by threatening Miller and taking property directly from Miller.

Appellant also contends that the evidence was insufficient because there was no proof about how Mellon obtained possession of Appellant's gun. However, Appellant's own statement showed that when Appellant initially got into the car with Mellon and the other individuals, Mellon did not know that Appellant had a gun. Then, sometime after the discussion about the need to obtain money for marijuana and the proposal to rob a drug dealer, Mellon used Appellant's gun to rob Miller. The police subsequently located the gun at Appellant's girlfriend's house. A rational jury could infer from this evidence that Appellant gave his gun to Mellon before the robbery and took possession of the gun again sometime after the robbery.

Appellant further contends that the evidence was insufficient because there was no proof that he knew that Mellon was going to commit a robbery. However, when Appellant was asked whether everyone knew what was going to happen after the discussion about obtaining money for marijuana and the proposal to rob

a drug dealer, Appellant expressly stated "everybody knew what was going on. There can't nobody sit there and lie and say they didn't." This evidence is clearly sufficient for a rational jury to conclude that Appellant knew that Mellon was going to commit a robbery.

Finally, Appellant contends that the evidence was insufficient because there was no proof that he directed or instructed Mellon to commit the aggravated robbery. However, the criminal responsibility statute expressly states that a person is criminally responsible for the conduct of another if that person "aids, or attempts to aid" the other in the commission of an offense. Tenn. Code Ann. § 39-11-402(2) (1997). Thus, the State was not required to prove that Appellant directed or instructed Mellon to commit the offense.

We conclude that when the evidence in this case is viewed in the light most favorable to the State, as it must be, the evidence was sufficient for a rational jury to conclude beyond a reasonable doubt that Appellant was criminally responsible for the aggravated robbery of Miller. The evidence shows that Appellant took his handgun with him and got into the car with Mellon and the other individuals. Mellon subsequently stated that the group needed to obtain some money in order to purchase marijuana. The group then discussed robbing a drug dealer or a drug house and by Appellant's own admission, "everybody knew what was going on." Mellon subsequently got out of the car and used Appellant's gun to rob Miller. Appellant and the rest of the group then used $20.00 of the money to purchase marijuana and they then spent the remaining $20.00 on something else. The police later retrieved the gun from Appellant's girlfriend's house. This evidence was clearly sufficient for a rational jury to conclude that Appellant gave

Mellon his gun so that Mellon could commit the aggravated robbery and Appellant and the rest of the group could then use the proceeds to buy marijuana. Thus, a rational jury could clearly find that Appellant was criminally responsible for Mellon's conduct because Appellant aided the commission of the aggravated robbery with the intent of sharing in the proceeds.

In this case, Appellant essentially asks us to reconsider the evidence and substitute a verdict of not guilty in place of the verdict found by the jury. That is not our function. Instead, we conclude that a rational jury could have found beyond a reasonable doubt that Appellant was guilty of the offense of aggravated robbery because he was criminally responsible for the conduct of Mellon. This issue has no merit.

## III. FAILURE TO CONSOLIDATE

Appellant contends that the trial court erred when it refused to grant his motion to consolidate this case with another case in which he was charged with first degree murder because it prevented him from being able to show that his statement that "everybody knew what was going on" only applied to the murder charge.

Rule 13(a) of the Tennessee Rules of Criminal Procedure provides:

The court may order consolidation of two or more indictments, presentments, or informations for trial if the offenses and all defendants could have been joined in a single indictment, presentment, or information pursuant to Rule 8.

Tenn. R. Crim. P. 13(a). In addition, Rule 8(a) of the Tennessee Rules of Criminal Procedure provides:

> Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13 if the offenses are based upon the same conduct or arise from the same criminal episode and if such offenses are known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s) and if they are within the jurisdiction of a single court. A defendant shall not be subject to separate trials for multiple offenses falling within this subsection unless they are severed pursuant to Rule 14.

Tenn. R. Crim. P. 8(a). Essentially, Appellant contends that the trial court was required to consolidate the two trials under 13(a) because joinder of the two charged offenses in the same indictment was mandatory under Rule 8(a).

Appellant contends that consolidation was mandatory under Rule 8(a) because the alleged offenses were committed within one hour of each other and occurred at locations that were only a few miles apart. However, Appellant has failed to support this conclusory allegation with any further information. Indeed, Appellant has failed to specify what time the events in the murder case took place and has failed to specify where they occurred. In addition, Appellant has failed to provide any information about the victim of the murder, has failed to specify how the murder occurred, and has failed to specify the alleged motive for the murder. In addition, the indictment for the murder case is not in the record, and there is nothing else in the record that contains any specific information about the murder case. In fact, the record indicates that Appellant failed to introduce any proof at the hearing on his motion to consolidate.

In short, Appellant has failed to provide us with any information about the murder case upon which we can determine whether the two offenses were "based upon the same conduct or ar[o]se from the same criminal episode." Therefore, we have no basis for determining whether Rule 8(a) mandated consolidation of this case with the murder case. The mere fact that two offenses were committed by the same person within a relatively short time at two relatively close locations, without more, is insufficient to establish that Rule 8(a) applies. Because Appellant has provided us with no information upon which we could reach a contrary conclusion, we must presume that the trial court was correct when it determined that the mandatory joinder provisions of Rule 8(a) did not require the consolidation of Appellant's two cases.[1]  This issue has no merit.

## IV. LENGTH OF SENTENCE

Appellant contends that the trial court erroneously sentenced him to a longer term than he deserves.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues.  Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct."  Tenn. Code Ann. § 40-35-401(d) (1997).  "However, the presumption of correctness which accompanies the trial court's action is

---

[1]The record indicates that the State was opposed to permissive consolidation of this case with the murder case under Rule 8(b) because it intended to use a conviction in this case as a basis for seeking the death penalty in the murder case.  Regardless of the propriety of the prosecutor's motivation for opposing permissive consolidation, that motivation is simply not relevant to determining whether the aggravated robbery and the murder offenses were "based upon the same conduct or ar[o]se from the same criminal episode" as is required for mandatory consolidation under Rule 8(a).

conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the defendant's statements, the nature and character of the offense, and the defendant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id. Because the record in this case indicates that the trial court failed to properly consider the sentencing principles and all relevant facts and circumstances, our review is de novo without a presumption of correctness. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

        In this case, Appellant was convicted of aggravated robbery, a Class B felony. See Tenn. Code Ann. § 39-13-402 (1997). The sentence for a Range I offender convicted of a Class B felony is between eight and twelve years. Tenn. Code Ann. § 40-35-112(a)(2) (1997). The presumptive sentence for a Class B felony is the minimum sentence in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c) (1997). When there are enhancement but no mitigating factors that apply to a sentence, the court may set the sentence above the minimum in that range but still within the range. Tenn. Code Ann. § 40-35-210(d) (1997). When both enhancement and mitigating factors are applicable to a sentence, the court is directed to begin with the minimum sentence, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e) (1997).

In determining that Appellant should be sentenced to a twelve year term, the trial court found that the following enhancement factors applied: (1) Appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate sentencing range, (2) Appellant was a leader in the commission of an offense involving two or more criminal actors, (7) the offense involved a victim and was committed to gratify Appellant's desire for pleasure or excitement, (8) Appellant had a history of unwillingness to comply with the conditions of a sentence involving release into the community, (10) Appellant had no hesitation in committing an offense where the risk to human life was high, and (20) Appellant had been adjudicated to have committed delinquent acts as a juvenile that would be felonies if committed by an adult. <u>See</u> Tenn. Code Ann. § 40-35-114(1), (2), (7), (8), (10), (20) (1997). The trial court apparently found that no mitigating factors applied.

Appellant does not challenge the application of enhancement factor (1), however, we conclude that it was incorrectly applied. In 1995, the Tennessee Legislature amended Tennessee Code Annotated section 40-35-114 by adding enhancement factor (20), which allows for enhancement of a sentence if "[t]he defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult." Tenn. Code Ann. § 40-35-114(20) (1997). This Court has previously stated that for offenses committed after the effective date of the amendment (July 1, 1995), only those delinquent acts by a juvenile that would constitute a felony if committed by an adult can be considered to enhance a sentence. <u>State v. Ronald Shipley</u>, No. 02C01-9601-CR-00031, 1997 WL 21190, at *7 n.1 (Tenn. Crim. App., Jackson, Jan. 22, 1997); <u>State v. Timothy Adams</u>, No. 02C01-9512-CC-00376, 1997 WL

1821, at *4 n.4 (Tenn. Crim. App., Jackson, Jan. 3, 1997). Because the offense in this case was committed after July 1, 1995, the trial court erred when it applied enhancement factor (1) based on Appellant's previous record of juvenile adjudications.[2]

Appellant contends that the trial court erred when it applied enhancement factor (2) because there was no evidence that he had any leadership role in the commission of the aggravated robbery. We agree that the record simply does not contain any evidence that Appellant was a leader in the commission of the offense. While the evidence indicates that Appellant was present during conversations about obtaining money for marijuana and about committing a robbery, there is no evidence that Appellant initiated those conversations or otherwise directed or planned the robbery. While the evidence shows that Appellant knew that Mellon intended to commit a robbery when he gave Mellon his gun, there is no evidence that Appellant instructed Mellon to commit the robbery. We cannot agree with the State that the mere fact that Appellant provided Mellon with a gun, without more, establishes that Appellant was a leader in the commission of the offense.

Appellant does not challenge the application of enhancement factor (7), however, we conclude that it was incorrectly applied. The State has the burden of demonstrating that the crime was committed to gratify a defendant's desire for pleasure or excitement. State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). In this case, while there was evidence that Appellant and the others committed the

---

[2]We note that Appellant's record contains no previous convictions for offenses committed while Appellant was an adult.

-13-

aggravated robbery in order to use the proceeds to obtain pleasure by purchasing and then consuming marijuana, there was absolutely no evidence that Appellant participated in the aggravated robbery in order to obtain pleasure or excitement from the robbery itself. Thus, the trial court erred when it applied enhancement factor (7).

Appellant does not challenge the application of enhancement factor (8), and we conclude that it was correctly applied. Indeed, the record indicates that Appellant has been placed on probation numerous times and has then violated the terms of his probation by committing new offenses and failing to comply with court ordered regulations.

Appellant contends that the trial court erred when it applied enhancement factor (10). We agree that this factor was incorrectly applied. This Court has previously stated that absent any proof establishing a risk to a life other than the victim's, enhancement factor (10) is inapplicable to sentences for aggravated robbery because a high risk to human life is an element of the offense. State v. Hicks, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993). There is no proof in the record that the life of anyone other than the victim was endangered during the aggravated robbery of Miller. Thus, the trial court erred when it applied this factor.

Appellant does not challenge the application of enhancement factor (20), and we conclude that it was correctly applied because Appellant was adjudicated as having committed offenses as a juvenile that would have been felonies if

committed by an adult. Indeed, the record indicates that Appellant has adjudications for aggravated robbery and aggravated assault.

Appellant contends that the trial court should have applied mitigating factor (6) because Appellant was only eighteen years old when he committed the offense. See Tenn. Code Ann. § 40-35-113(6) (1997). The Tennessee Supreme Court has stated that when determining the applicability of this mitigating factor, the sentencing court should consider "the defendant's age, education, maturity, experience, mental capacity or development, and any other pertinent circumstance tending to demonstrate the defendant's ability or inability to appreciate the nature of his conduct." State v. Adams, 864 S.W.2d at 33. Besides referring to his age at the time of the offense, Appellant has failed to indicate any reason for why this factor applied. Appellant has failed to indicate how his age or anything else affected his judgment when he participated in the aggravated robbery. Indeed, the record indicates that Appellant is well-acquainted with the criminal justice system and with the consequences of violating the law. In fact, the record indicates that besides the two adjudications for felonies, Appellant has had adjudications for approximately thirty-four delinquent acts that occurred over a six year period. Thus, mitigating factor (6) was not applicable.

Even though we hold that the trial court erred in applying some enhancement factors, a finding that enhancement factors were erroneously applied does not equate to a reduction in the sentence. State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994). Given the number and severity of the felony offenses in Appellant's juvenile record, and the failure of lesser forms of

punishment to curb Appellant's criminal behavior, we conclude that the two enhancement factors applicable in this case warrant a sentence of twelve years.[3]

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOE G. RILEY, JUDGE

_____
NORMA MCGEE OGLE, JUDGE

---

[3]The record reflects that Appellant has juvenile adjudications of delinquency for approximately eight felonies. These include aggravated robbery and aggravated assault. Appellant at the time of the sentencing hearing was nineteen (19) years old and had been a perennial defendant in juvenile court since the age of thirteen (13). It is apparent that none of the measures taken by juvenile court have been effective in rehabilitating this young man.