IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

July 20, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | * | C.C.A. NO. 03C01-9712-CR-00537 |
| APPELLEE, | * | SULLIVAN COUNTY |
| VS. | * | Hon. R. Jerry Beck, Judge |
| **JAMES D. HORN**, | * | (Aggravated Burglary, Theft) |
| APPELLANT. | * | |

For Appellant:

Julie A. Martin
P.O. Box 426
Knoxville, TN  37901-0426

Richard Tate
Assistant Public Defender
Blountville, TN  37617

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

R. Stephen Jobe
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North, 2nd Floor
Nashville, TN  37243-0493

Teresa M. Smith and Ed Wilson
Assistant District Attorneys General
Blountville, TN  37617

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The appellant, James D. Horn, was convicted by a jury in the Sullivan County Criminal Court of thirty-one counts of aggravated burglary, eighteen counts of theft of property valued between one thousand and ten thousand dollars, one count of theft of property valued between five hundred and one thousand dollars, and ten counts of theft of property valued at five hundred dollars or less. The trial court sentenced him as a Range II multiple offender to ten years for each aggravated burglary conviction, eight years for each conviction of theft of property valued between one thousand and ten thousand dollars, two years for his conviction of theft of property valued between five hundred and one thousand dollars, and eleven months and twenty-nine days for each conviction of theft of property valued at five hundred dollars or less. The trial court ordered the appellant to serve nine aggravated burglary sentences consecutively and all remaining sentences concurrently, resulting in an effective sentence of ninety years incarceration in the Tennessee Department of Correction.

In this appeal as of right, the appellant presents the following issues for review:

> (I) Whether the evidence is sufficient to sustain the appellant's convictions of thirty-one counts of aggravated burglary, eighteen counts of theft of property valued between one thousand and ten thousand dollars, one count of theft of property valued between five hundred and one thousand dollars, and ten counts of theft of property valued at five hundred dollars or less;
>
> (II) Whether the trial court erred by imposing an effective sentence of ninety (90) years imprisonment.

Following a review of the record, we affirm the judgment of the trial court.

## I.  Factual Background

On May 31, 1995, officers of the Carter County Sheriff's Department

2

went to the appellant's residence on Anderson Road in Carter County in order to serve the appellant with a fugitive warrant. Linda McClain, another resident of the Anderson Road home, permitted the officers to enter the home and search for the appellant. The officers thereby discovered that the house was full of property that had been stolen from various counties in Upper East Tennessee.

Kenneth Potter, a chief deputy with the Carter County Sheriff's Department, testified that he was dispatched to the Anderson Road residence on May 31, 1995. Upon entering the home with the permission of Linda McClain, he noticed a large amount of merchandise, including several weapons, videos, televisions, video cassette recorders, camcorders, and other assorted items. Suspicious that these items might be stolen, Chief Deputy Potter ordered two officers, including Rocky Croey, to start entering the serial numbers of these items on the NCIC computer. According to Rocky Croey's testimony, the NCIC computer indicated that several of the items matched reports of stolen property from several counties, including Sullivan County. Chief Deputy Potter then directed his officers to transport these items to the evidence room at the Carter County Sheriff's Department.

The Carter County Sheriff's Department apprehended the appellant in the early morning hours of June 1, 1995, and transported him to the police station. Chief Deputy Potter testified that, in his presence, Officer Keith Range read the appellant his Miranda rights. The appellant did not request an attorney and informed the officers that he wanted to cooperate with the police. The appellant then confessed that he had participated in numerous burglaries, including burglaries in Sullivan County.

Richard D. Hodges, a detective with the Sullivan County Sheriff's Department, testified that he was contacted on June 1, 1995, by Rocky Croey, a lieutenant with the Carter County Sheriff's Department. As a result of this communication, Detective Hodges and Detective Randy Simpson traveled to the Carter County Sheriff's Department and examined the property that had been transported from the Anderson Road residence to the evidence room at the police station. Referring to cases they had recently investigated in Sullivan County, Detective Hodges and Detective Simpson began to set aside items that matched or appeared to match the descriptions of the stolen property in those cases.

Next, Detective Hodges traveled to the Anderson Road residence to inspect items remaining in the house. Once there, he spoke with the appellant, who was in the custody of the Carter County Sheriff's Department. Detective Hodges asked the appellant if he would identify any stolen items in the house. The appellant responded that "probably everything but the washer and dryer is stolen." When Detective Hodges entered the residence, he observed several items that fit the descriptions of property reported as stolen in Sullivan County. He subsequently confirmed the matches with written police reports of burglaries that had occurred in Sullivan County in the previous three months. He then transported the stolen property to the Sullivan County Sheriff's Department and contacted the burglary victims. He asked that the victims come to the Sheriff's Department and identify their property.

Detective Hodges and Detective Simpson later returned to the Carter County Sheriff's Department in order to interview the appellant. Detective Hodges

4

advised the appellant of his <u>Miranda</u> rights.[1]  Again, the appellant did not request an attorney and stated his desire to cooperate with the police.  Following the interview, Detective Hodges transported the appellant to Sullivan County where the appellant agreed to identify homes he had burglarized.  Detective Hodges and the appellant drove through several neighborhoods, and the appellant pointed out numerous homes he had burglarized, sometimes recalling specific details about the homes.  Detective Hodges again informed the appellant of his <u>Miranda</u> rights and obtained a formal statement from the appellant, in which the appellant admitted burglarizing a number of homes and taking various items of property in Sullivan County.

Likewise, John Blessing, an officer with the Kingsport Police Department, testified that he traveled to Carter County on June 2, 1995, in order to match property recovered from the Anderson Road residence with property reported stolen in Kingsport.  After identifying several matches, Officer Blessing met with the appellant, read him his <u>Miranda</u> rights, and obtained a waiver of those rights from the appellant.  Officer Blessing then drove the appellant through several neighborhoods in Kingsport, and the appellant identified homes he had burglarized.  During their drive through Kingsport, the appellant stated to Officer Blessing that he did not have a job, that he furnished his home with stolen merchandise, and that he sold stolen items in order to obtain money.  According to Officer Blessing, the appellant also stated that if property recovered from the Anderson Road residence

---

[1] Detective Hodges advised the appellant of his <u>Miranda</u> rights without the aid of a form or card.  Consequently, Detective Hodges inadvertently omitted portions of the <u>Miranda</u> warning.  Nevertheless, the trial court overruled the appellant's motion to suppress his statements to the Sullivan County officers.  The trial court found that the appellant had been fully advised of his <u>Miranda</u> rights by officers from Carter County and Washington County earlier on the same day.  The trial court further found that the appellant was willingly cooperating with police officers from all jurisdictions, including Sullivan County.  The trial court concluded that the statements given to the Sullivan County officers were voluntary and knowing, notwithstanding Detective Hodges' failure to fully advise the appellant of his rights.  The appellant does not appeal the trial court's ruling on the motion to suppress.

matched property reported as stolen, then the appellant had committed the burglary and theft. Officer Blessing later obtained a formal statement from the appellant, in which the appellant admitted that he had burglarized numerous homes in Kingsport.

The remaining evidence offered by the State consisted of virtually identical testimony from forty-one homeowners who had been burglarized. The homeowners generally testified that they returned home one day to find that their residences had been forcibly entered and ransacked. The homeowners also testified that primarily their bedrooms were in disarray and that there were items missing, including jewelry, firearms, coins, furniture, and other home furnishings. The homeowners asserted that the appellant did not have permission to enter their homes. On cross-examination, they conceded that they did not personally observe the appellant break into their homes or take any of their property.

## II. Analysis

### A. Sufficiency of the Evidence

The appellant complains that there was insufficient evidence to sustain his convictions of thirty-one counts of aggravated burglary, eighteen counts of theft of property valued between one thousand and ten thousand dollars, one count of theft of property valued between five hundred and one thousand dollars, and ten counts of theft of property valued at five hundred dollars or less. He contends that the State failed to prove that he was the person who burglarized the homes and committed the thefts in question. Moreover, the appellant argues that the State failed to prove which specific items of property were stolen by the appellant as opposed to Linda McClain or the other two occupants of the Anderson Road residence.

6

In Tennessee, appellate courts accord considerable weight to the verdict of a jury in a criminal trial.  In essence, a jury conviction removes the presumption of the defendant's innocence and replaces it with one of guilt, so that the appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  The appellant must establish that "no reasonable trier of fact" could have found the essential elements of the charged offenses beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Tenn R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom.  State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).  In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts.  State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

In the instant case, the appellant was convicted pursuant to Tenn. Code Ann. § 39-14-403 (1994) of thirty-one counts of aggravated burglary.  Aggravated burglary is burglary of a habitation as defined in Tenn. Code Ann. §§ 39-14-401 and 39-14-402.  Under Tenn. Code. Ann. § 39-14-402 (1994), a person commits burglary who

> without the effective consent of the property owner (1) enters a building . . . with the intent to commit a felony or theft; (2) Remains concealed, with the intent to commit a felony or theft, in a building; (3) Enters a building and commits or attempts to commit a felony or theft; . . ..

Under Tenn. Code Ann. § 39-14-401 (1997), a habitation is

> any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted

for the overnight accommodation of persons . . ..

The appellant was also convicted pursuant to Tenn. Code Ann. § 39-14-103 (1997) of various grades of theft of property. Theft of property occurs when

> A person . . . with intent to deprive the owner of property . . . knowingly obtains or exercises control over the property without the owner's effective consent.

Tenn. Code Ann. § 39-14-103 (1997). Tenn. Code. Ann. § 39-14-105 (1997) grades the theft offense according to the value of the stolen property.

We conclude that the record supports the jury's conclusion that the appellant burglarized the homes and committed the thefts listed in the indictments underlying his convictions. Property recovered from the appellant's residence matched the descriptions of property reported stolen in Sullivan County. The appellant gave a formal statement to Detective Hodges in which he admitted burglarizing homes and taking various items of property in Sullivan County. Moreover, the appellant voluntarily assisted the Sullivan County Sheriff's Department by identifying the numerous residences he had burglarized. These residences correspond with homes listed in indictments underlying the appellant's convictions. Finally, owners of the listed residences identified stolen property recovered from the appellant's residence.

Furthermore, the appellant told Officer Blessing of the Kingsport Police Department that if the property recovered from his residence matched the description of property reported as stolen, then the appellant had committed the burglary and theft. The appellant later gave a formal statement to Officer Blessing in which he admitted burglarizing homes and taking various items of property in Kingsport. Officer Blessing matched property recovered from the appellant's

8

residence with the descriptions of property reported stolen in Kingsport.  The

appellant then voluntarily assisted the Kingsport Police Department by identifying

the numerous residences he had burglarized.  These residences also correspond

with residences listed in an indictment underlying the appellant's convictions, and

homeowners in Kingsport also identified stolen property recovered from the

appellant's residence.  This issue is without merit.


## B.  Sentencing

### I. Excessive sentence

The appellant next contends that the trial court erred by sentencing the

appellant to a term of ninety (90) years imprisonment.  Specifically, the appellant

argues that the trial court, in determining the sentence for each count of aggravated

burglary and each count of theft of property valued between one thousand and ten

thousand dollars, failed to consider certain mitigating factors and also erroneously

balanced enhancement and mitigating factors found by the court.


When there is a challenge to the length, range, or manner of service of

a sentence, it is the duty of this court to conduct a de novo review with a

presumption that the determinations made by the trial court are correct.  Tenn. Code

Ann. § 40-35-401(d) (1997).  This presumption of correctness is "conditioned upon

the affirmative showing in the record that the trial court considered the sentencing

principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d

166, 169 (Tenn. 1991).  The burden is upon the appellant to demonstrate the

impropriety of the sentence.  State v. Wilkerson, 905 S.W.2d 933, 934 (Tenn. 1995).


Our review of the appellant's sentences requires an analysis of (1) the

evidence, if any, received at trial and at the sentencing hearing; (2) the presentence

9

report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, and -210 (1997).

The presumptive sentence for Class B, C, D, and E felonies is the minimum sentence in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210 (1997). If the trial court finds that there are enhancement or mitigating factors, the court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Id. The weight given to any existing factor is left to the trial court's discretion so long as the trial court complies with the purposes and principles of sentencing and the court's findings are adequately supported by the record. State v. Shropshire, 874 S.W.2d 634 (Tenn. Crim. App. 1993). See also State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

We initially commend the trial court in this case for its meticulous consideration of sentencing principles and all relevant facts and circumstances. In light of the exemplary record of the sentencing proceedings, we apply a presumption of correctness in conducting our de novo review of the appellant's sentences. Tenn. Code Ann. § 40-35-401(d) (1997).

The trial court sentenced the appellant as a Range II multiple offender to ten years for each count of aggravated burglary and eight years for each count of theft of property valued between one thousand and ten thousand dollars.

10

Aggravated burglary is a class C felony. Tenn. Code Ann. § 39-14-403(b) (1994). The sentencing range applicable to the appellant for this offense is six to ten years. Tenn. Code Ann. § 40-35-112(b)(3) (1997). Furthermore, theft of property valued between one thousand and ten thousand dollars is a class D felony. Tenn. Code Ann. § 39-14-105(3) (1997). The sentencing range applicable to the appellant for this offense is four to eight years. Tenn. Code Ann. § 40-35-112(b)(4) (1997). The trial court imposed the maximum sentences within the applicable ranges.

The appellant concedes and the record reflects that the trial court properly found three enhancement factors: the appellant has a previous history of criminal convictions in addition to those necessary to establish his sentencing range; the appellant was a leader in the commission of the offenses; and he has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(1), (2), and (8). The record additionally supports the trial court's application of two mitigating factors: the appellant's conduct neither caused nor threatened serious bodily injury and the appellant assisted the authorities in locating or recovering any property or victim involved in the offenses. Tenn. Code Ann. § 40-35-113(1) and (10).

Nevertheless, as noted earlier, the appellant argues that the trial court erred by not finding one additional mitigating factor, namely, that he assisted the authorities in uncovering offenses committed by other persons or in detecting or apprehending other persons who had committed the offenses. Tenn. Code Ann. § 40-35-113(9) (1997). We cannot agree. The trial court refused to apply mitigating factor (9) based upon its finding that, although the appellant cooperated with the authorities in *his* case, he did not assist the authorities in investigating other individuals, in particular, Linda McClain. Nothing in the record contradicts the trial

11

court's finding.

The appellant also argues that the trial court's erroneous balancing of enhancement and mitigating factors resulted in an excessive sentence. The appellant asserts in his brief that the trial court "actually considered the current number of sixty convictions for which he was being sentenced rather than the statutory enhancing factors when the trial court found them so heavily and grossly outweighing the mitigating factors." Even assuming that the trial court considered the appellant's numerous convictions in this case, we conclude that the appellant's sentences are appropriate.

Moreover, as stated above, the weight given to any existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of sentencing and its findings are adequately supported by the record. State v. Shropshire, 874 S.W.2d 634 (Tenn. Crim. App. 1993). See also State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). This court has previously held that, "[w]hile we have declined to use the previous history enhancer to enhance subsequent criminal acts as a result of previous ones occurring very close in time, . . . a court is not required to ignore that conduct as it relates to the evaluation of other enhancement and mitigating factors." State v. Hicks, 868 S.W.2d 729, 732 (Tenn. Crim. App. 1993). This issue is without merit.

ii. **Consecutive sentences**

The appellant's final argument is that the trial court erred by imposing consecutive sentencing. Specifically, the appellant contends that his ninety year sentence is disproportionate to the severity of his offenses.

12

Tenn. Code Ann. § 40-35-115(a) (1997) provides that a trial court may impose consecutive sentences only upon a determination that a defendant meets one of the criteria listed therein. In this case, the trial court found, and the appellant concedes, that the appellant is a professional criminal as set forth in Tenn. Code. Ann. § 40-35-115(b)(1) (1997) and the appellant possesses an extensive record of criminal activity pursuant to Tenn. Code. Ann. § 40-35-115(b)(2).

However, in State v. Wilkerson, our supreme court ruled that a sentencing court must also find that a defendant's sentence "reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." 905 S.W.2d at 938. In the appellant's case, the trial court found that the appellant's offenses were calculated and extensive, demonstrating that he was in the business of burglarizing homes to make a profit. Moreover, the appellant admitted that he had taken stolen property to Kentucky to sell in pawn shops and that his only livelihood was theft. Further, the trial court found a pattern of such conduct by the appellant, as evidenced by his previous convictions in other states for stolen property offenses. The court in Wilkerson described sentencing as "a human process that neither can nor should be reduced to a set of fixed or mechanical rules." Id. (footnote omitted). Applying the presumption of correctness to the trial court's sentencing determination, we conclude that the record supports the imposition of consecutive sentences in this case.

Accordingly, the judgment of the trial court is affirmed.

_____
Norma McGee Ogle, Judge

CONCUR:

13

_____
Gary R. Wade, Presiding Judge


_____
John K. Byers, Senior Judge