STATE of Tennessee, Appellee,

v.

Darrin Roosevelt HICKS, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

July 28, 1993.

Stephen M. Wallace, Dist. Public Defender, Blountville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Clinton J. Morgan, Sp. Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., and H. Greeley Wells, Jr., Asst. Dist. Atty. Gen., Blountville, for appellee.

**OPINION**

WHITE, Judge.

This is an appeal pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure. Darrin Roosevelt Hicks appeals the sentence imposed by the Sullivan County Criminal Court on his two aggravated robbery convictions. For reasons set forth below, we affirm the trial judge's decision.

Darrin Roosevelt Hicks and Carolyn Denise Wallen were indicted by the Sullivan County Grand Jury on two charges of aggravated robbery in violation of Tennessee Code

Annotated Section 39–13–402.[1] The indictments alleged that the aggravated robberies were committed by "means of a deadly weapon, to wit: a firearm." Hicks entered guilty pleas on both indictments and submitted himself to the trial court for sentencing. Evidence at the sentencing hearing included the presentence report, two statements admitted by the appellant, and the testimony of the appellant's mother. The state urged the court to find the presence of three enhancement factors.[2] The defendant urged the court to find seven mitigating factors pursuant to Tennessee Code Annotated Section 40–35–113.[3]

After argument of counsel the court found that no mitigating factors applied on the first aggravated robbery and that "at least" one enhancement factor applied.[4] The court sentenced the appellant to eight years as a Range I standard offender. On the second aggravated robbery, which occurred approximately one hour after the first, the court found that two enhancement factors applied: the appellant was a leader in the commission of the offense and the appellant had no hesitation about committing a crime when the risk to life was great. The court found no mitigating factors on the second offense and as a result of the enhancement factors sentenced the appellant to ten years as a Range I standard offender. Although stating that

he found no mitigating factors on either offense, the trial court noted that his sentencing decision was motivated by the fact that the appellant had no prior criminal record.

Against this factual backdrop, the appellant argues that the court erred in not finding him to be an especially mitigated offender and in sentencing him to the median sentence in the range on the second aggravated robbery. We conclude that appellant was not qualified for the especially mitigated offender designation on his first offense and that the trial court did not abuse his discretion in denying the classification. We also find no error in the sentence imposed on the second offense. Therefore, we affirm.

## I. Especially Mitigated Offender

The Criminal Sentencing Reform Act of 1989 requires the court to determine a defendant's status as either a standard, multiple, persistent, career or especially mitigated offender. Tenn.Code Ann. §§ 40–35–105––109 (1990 Repl.). While the classification as standard, multiple, persistent, or career offender is obligatory, the finding that an offender is especially mitigated is within the discretion of the court. Notably the statutory sections pertaining to standard, multiple, persistent, and career offenders mandate those classifications. The especially mitigated offender section provides instead that

---

**1.** Aggravated robbery is "robbery as defined in § 39–13–401:

> (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon."

Tenn.Code Ann. § 39–13–402 (1992 Repl.).

**2.** The state argued that the court should find the following enhancement factors from Tennessee Code Annotated Section 40–35–114: "(2) [t]he defendant was a leader in the commission of an offense involving two (2) or more criminal actors"; "(10) [t]he defendant had no hesitation about committing a crime when the risk to human life was high"; and "(16) [t]he crime was committed under circumstances under which the potential for bodily injury to a victim was great."

**3.** The appellant claims the applicability of Tennessee Code Annotated Section 40–35–113(6): "[t]he defendant, because of his youth or old age, lacked substantial judgment in committing the offense". The appellant also urges the finding of

other mitigating factors under subsection 13 of Tennessee Code Annotated Section 40–35–113: "[a]ny other factor consistent with the purposes of this chapter" and alleges specifically that (1) the defendant's conduct did not cause bodily injury; (2) the defendant does not have a previous history of criminal convictions; (3) the victims were not treated with exceptional cruelty; (4) the amount of property taken from the victims was not great; (5) the defendant was not a leader in the commission of the offense; and (6) the defendant does not have a previous history of unwillingness to comply with conditions of a sentence or release in the community and was not on release status when the offense was committed.

**4.** The court found that appellant was a leader in the commission of the offense and "possibly" that he "had no hesitation about committing a crime when the risk to human life was high" and committed a crime "under circumstances under which the potential for bodily injury to a victim was great." Tenn.Code Ann. § 40–35–114(2), (10), (16) (1992 Supp.).

"[t]he court may find the defendant is an especially mitigated offender...." Tenn. Code Ann. § 40–35–109 (1990 Repl.). The Sentencing Commission Comments to the section emphasizes the discretionary nature of the classification:

> [S]entences have been divided into one of three ranges. The sentencing ranges are governed by the presence or absence of prior convictions. If a defendant has little or no prior criminal record, such defendant would normally be sentenced within Range I as a standard offender.... However, there are instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties. In such instances, the judge may designate the defendant as an "especially mitigated offender" under the provisions of this section.... While the other types of offenders, such as multiple, persistent or career mandate sentences within their required ranges, a finding of an especially mitigated offender is discretionary with the trial court.

█ Thus, the court may exercise its discretion and find that an offender is "especially mitigated" if:

(1) [t]he defendant has no prior felony convictions; and

(2) [t]he court finds mitigating, but no enhancement factors.

*Id.* While Hicks' status as a first offender partially qualifies him for the especially mitigated offender classification,[5] he is disqualified by virtue of the presence of an enhancement factor.

█ Hicks challenges the enhancement factor applied by the court. In reviewing the factor, we affirm the trial court's finding. Our cases have established that enhancement for being a leader in the commission of an offense does not require that the defendant be the sole leader but only that he be "a" leader. *State v. James Teague,* No. 03C01–9102–CR–00060, 1992 WL 28468 (Tenn.Crim. App., Knoxville, Feb. 19, 1992), *perm. to appeal denied,* (Tenn.1992). Both of two criminal actors may be "a leader in the commission of an offense." *State v. Brenda Harris,* No. 01C01–9101–CR–00247, 1991 WL 186850 (Tenn.Crim.App., Nashville, Sept. 24, 1991), *perm. to appeal denied,* (Tenn.1992). While these propositions may not often be true, the evidence here is a classic illustration of why they sometimes are. The co-defendant, also found to be a leader in the commission of the offense, obtained the gun and the car from her friends. Hicks accompanied his co-defendant to get the car and gun; donned appropriate dark clothing, gloves, and a ski mask; entered the market; pointed the gun at the clerk; and demanded money. Under these circumstances, while the co-defendant led the preparation, Hicks clearly led the perpetration. Both were leaders in the commission of this aggravated robbery. Our agreement with the trial court's finding that Hicks was a leader in the commission of this crime leads us to affirm as well the judge's decision not to characterize Hicks as an especially mitigated offender.[6]

## II. Length of Sentence

Appellant also challenges the ten year sentence imposed on the second aggravated robbery conviction. Specifically, appellant contends that two enhancement factors, Tennessee Code Annotated Section 40–35–114(10) & (16), were inapplicable because the factors were "essential elements of the offense and thus could not be used a second time to enhance." Our cases make clear that whether a particular enhancement factor is appropriate or whether it is an essential element of the offense charged generally depends on the specific facts present.

5. The trial judge noted that appellant has no prior record "but [that mitigating factor is] not listed." The absence of a prior criminal record, though not an enumerated mitigating factor, may be considered under the catch-all provision of Tennessee Code Annotated Section 40–35–113(13) (1990 Repl.). *See State v. John Wayne Singleton,* No. 1 (Tenn.Crim.App., Jackson, Sept. 2, 1987), *perm. to appeal denied,* (Tenn.1987).

6. Even if we disagreed with the finding of the enhancement factor, we could not conclude that denying Hicks mitigated offender status was an abuse of discretion. *See generally State v. Bennett,* 798 S.W.2d 783 (Tenn.Crim.App.1990); *State v. Buttrey,* 756 S.W.2d 718 (Tenn.Crim. App.), *perm. to appeal denied,* (Tenn.1988); *State v. Willis,* 735 S.W.2d 818 (Tenn.Crim.App.), *perm. to appeal denied,* (Tenn.1987).

On the second aggravated robbery offense which occurred approximately one hour after the first, the court found that appellant had "no hesitation about committing a crime when the risk to human life is high" and committed the crime "under circumstances under which the potential for bodily injury to a victim is great." Tenn.Code Ann. §§ 40–35–114(10) & (16) (1992 Supp.). Specifically, the court found:

> By now you've done it once, you've had time to think, so you had no hesitation about going ahead and committing a second robbery where the risk to human life was especially high because the deadly weapon you employed was a loaded .357 magnum revolver pointed at the victim. In the second case, again the potential for bodily injury to the victim was great because this was a loaded .357 caliber pistol pointed at the victim, and it required very little to cause that——very little movement, just the appearance of resistance by that victim might have caused him to be killed, either intentionally or accidentally. So I gave you the benefit of the doubt on the first one, but in the second one you just repeated the offense again and I'm going to sentence you to ten (10) years.

■ Appellant relies on three of this court's opinions to challenge the trial court's findings. In *State v. Melvin Wilkerson*, No. 03C01–9105–CR–00136, 1992 WL 1959 (Tenn. Crim.App., Knoxville, Jan. 9, 1992), *perm. to appeal denied*, (Tenn.1992), the court found these two enhancement factors to be elements of an aggravated robbery of a convenience store. In *State v. Roger Cordell Stewart*, No. 01C01–9012–CR–00342, 1991 WL 165821 (Tenn.Crim.App., Nashville, Aug. 30, 1991), the court noted that "[t]o the extent ... every armed robbery includes a high risk to human life, it must be assumed that the legislature did not contemplate the application of this enhancement factor."[7] However, since the enhancement factor is not limited to risk to the victim's life, it might be applicable when the proof established the risk to the life of a person other than the victim, for example, a customer or loiterer who happened to be present during the robbery. A similar

result as to this enhancement factor was reached in *State v. Derrick Willis Gilbert & Billy Ray Morgan*, No. 1265, 1990 WL 41554 (Tenn.Crim.App., Knoxville, April 11, 1990), *perm. to appeal denied*, (Tenn.1990). Based on these precedents, and absent any proof establishing risk to life other than the victim's, we agree with appellant that these factors are essential elements of the offense in this case.

■ Nonetheless our de novo review of the sentence imposed by the trial court leads us to affirm the sentence. It is simply irrational and offensive to the underlying principles of sentencing ·to punish a person who commits a second armed robbery one hour after a first to a minimum concurrent sentence. While we have declined to use the previous history enhancer to enhance subsequent criminal acts as a result of previous ones occurring very close in time, *see State v. Carol Brown*, No. 01C01–9108–CC–00240, 1993 WL 17479 (Tenn.Crim.App., Nashville, Jan. 28, 1993) (eighteen day period), a court is not required to ignore that conduct as it relates to the evaluation of other enhancement and mitigating factors. Here, for example, the trial court noted that certain enhancement factors, albeit inappropriate ones, were more significant on the second offense, once appellant had time to deliberate. That analysis is applicable to the appropriate enhancement and mitigating factors. Appellant's leadership role became more significant and his prior lack of criminal activity less significant after he has perpetrated one aggravated robbery. Given our standard of review, we cannot find error in the trial court's imposition of a ten year sentence on the second offense.

### Conclusion

We affirm the trial court's order in every regard.

SCOTT, P.J., and DWYER, J., concur.

---

**7.** The *Stewart* case did not address the other enhancement factor at issue here (crime committed under circumstances under which potential

for bodily injury to a victim is great) because it was nonexistent at the time of Stewart's offense.