IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION



FILED

| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9804-CR-00106 |

Appellee,          *     SHELBY COUNTY

VS.               *     Hon. James C. Beasley, Jr., Judge

LESTER WILLIAMS,   *     (Aggravated Robbery)

Appellant.         *

July 16, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

| For Appellant: | For Appellee: |
|---|---|
| Tony N. Brayton | Paul G. Summers |
| Assistant Public Defender | Attorney General and Reporter |
| 201 Poplar Avenue, Suite 2-01 | |
| Memphis, TN  38103 | Georgia Blythe Felner |
| (on appeal) | Counsel for the State |
| | Criminal Justice Division |
| Of counsel: | 425 Fifth Avenue North |
| | Nashville, TN  37243-0493 |
| A.C. Wharton, Jr. | |
| Shelby County Public Defender | David C. Henry |
| | Assistant District Attorney General |
| K. Leslie Mozingo | Shelby County District |
| Assistant Public Defender | Criminal Justice Complex |
| 201 Poplar Avenue, Second Floor | 201 Poplar Avenue, Suite 301 |
| Memphis, TN  38103 | Memphis, TN  38103 |
| (at trial) | |

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Lester Wililams, was convicted of aggravated robbery. The trial court imposed a Range II, twenty-year sentence. In this appeal of right, the defendant challenges the sufficiency of the identity evidence and argues that the sentence is excessive.

We affirm the judgment of the trial court.

On March 12, 1997, real estate agent Mary Ella Thornton parked in the driveway of one of her listed residences in Memphis in order to check the door lock. When she returned to her vehicle, the defendant stepped out of a car that had followed her into the driveway. The defendant walked towards Ms. Thornton, who initially believed that he was a prospective buyer, displayed a gun, ordered her from her vehicle, and took her purse and car keys. The defendant then left driving Ms. Thornton's car. The driver of the other vehicle also drove away. Although unable to identify the driver of the vehicle in which the defendant had arrived, Ms. Thornton described her assailant to officers as a black male, approximately six feet, three inches tall, and weighing 160 pounds. She was able to identify the defendant in a photographic lineup at both the preliminary hearing and at trial.

When questioned by the police, the defendant admitted that he had been in the victim's vehicle for approximately one hour and forty minutes after it was stolen. He stated that Milton Logan, who he identified as Junior, had offered him a ride in the vehicle and driven him to Ace Check Cashing. The defendant claimed that he was unaware that the car had been stolen but admitted that he had never seen Logan in possession of the vehicle at any time before the date of the robbery.

2

Initially, the defendant complains that the identification evidence was insufficient to justify a guilty verdict. The victim had acknowledged that her primary focus was on the weapon during the course of the robbery and she also conceded that she was unable to remember whether the gun had one or two barrels. The defendant contends that the victim's identifications during the photographic lineup and at the preliminary hearing were uncertain and that any eyewitness identification is inherently untrustworthy:

> The vagaries of eyewitness identification are well-known; the annals of criminal law are rife with instances of mistaken identification. Mr. Justice Frankfurter once said, "What is the worth of identification testimony even when uncontradicted? The identification of strangers is proverbially untrustworthy. The hazards of such testimony are established by a formidable number of instances...."

United States v. Wade, 388 U.S. 218, 228-29 (1967). The defendant does not allege that the trial court failed to provide accurate instructions on the question of identity.

When there is a challenge to the sufficiency of the evidence, well-established guidelines apply limiting the scope of appellate review. The state, of course, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). This court may neither reweigh nor reevaluate the evidence. Id. at 836. Nor may a court substitute its inference for those drawn by the trier of fact from the evidence. Liakas v. State, 286 S.W.2d 856 (Tenn. 1956). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 657 S.W.2d 405 (Tenn. 1983); Tenn. R. App. P. 13(e).

3

In this instance, the victim, when shown a photograph of Logan acknowledged that she was unable to make a positive identification. When, however, shown a variety of other photographs, she was immediately able to identify the defendant as her robber. The defendant concedes that she did so again at the preliminary hearing and a final time at trial. Because there was a positive identification by the victim and the defendant does not quarrel with the instructions provided by the trial court in that regard, the evidence is clearly sufficient to establish that a rational trier of fact could conclude guilt on the part of the defendant. Jackson v. Virginia, 443 U.S. 307 (1979).

Next, the defendant complains that the trial court imposed an excessive sentence by erroneously determining that the defendant was a leader in the commission of an offense involving two or more criminal actors. Tenn. Code Ann. § 40-35-114(2). He argues that the "simple fact that another person drove [the defendant] to the scene ... does not suggest that [he] was a leader in the commission of this offense." See State v. Buckmeir, 902 S.W.2d 418, 423 (Tenn. Crim. App. 1995). Furthermore, the defendant asserts that the trial court should have concluded that because the defendant assisted authorities in uncovering an unrelated offense by another person, a mitigating factor was present. See Tenn. Code Ann. § 40-35-113(9). He argues that he is entitled to the application of mitigating circumstances if he cooperated with the investigating officers even if the state acquired the identity of the other perpetrator through other sources.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing

4

in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

At the time of this offense, the presumptive sentence was the minimum in the range if there were no enhancement and mitigating factors. Tenn. Code Ann. § 40-35-210(c). Should the trial court find mitigating and enhancement factors, it must start at the minimum sentence in the range and enhance the sentence based upon any applicable enhancement factors, and then reduce the sentence based upon any appropriate mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight given to each factor is within the trial court's discretion provided that the record supports its findings and it complies with the 1989 Act. See Ashby, 823 S.W.2d at 169. The trial court should, however, make specific findings on the record which indicate its application of the sentencing principles. Tenn. Code Ann. § 40-35-209, -210.

5

A Range II sentence for a Class B felony must be within twelve to twenty years. Tenn. Code Ann. § 40-35-112(b)(2). The trial court imposed the maximum sentence. The trial court found six enhancement factors applicable. The trial court did not give any weight to three of the factors because they were elements of the offense but it weighed heavily the defendant's previous history of criminal convictions and his previous unwillingness to comply with conditions of a sentence involving release. See Tenn. Code Ann. § 40-35-114(1), (8).

Because the proof established that there were two actors involved in the robbery and that the defendant confronted the victim, stole her purse, and drove away in her vehicle, the defendant's participation was sufficient to establish a role of leadership in the crime. In State v. Hicks, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993), this court observed that more than one criminal can be a leader in the commission of the offense. That another perpetrator drove the defendant to the scene or was a leader in the commission of the crime would not disqualify the defendant as a leader. In our view, the trial court properly applied this enhancement factor.

Moreover, the defendant has not established that the sentence should be reduced just because he assisted authorities regarding an unrelated offense. Tenn. Code Ann. § 40-35-113(9). As the trial court observed, the defendant provided no assistance in solving the case in which he was convicted; he denied knowing that the vehicle had been stolen and provided no information about the robbery of the victim. While the defendant may have been entitled to some consideration for the limited information supplied pursuant to Tenn. Code Ann. § 40-35-113(13), the trial court would have been justified in assigning little weight to that mitigation factor. See State v. Michael Hurt, No. 01C01-9306-CC-00189 (Tenn.

6

Crim. App., at Nashville, Dec. 9, 1993).  In context, the Range II, twenty-year

sentence is entirely appropriate.

Accordingly, the judgment is affirmed.

_____

Gary R. Wade, Presiding Judge

CONCUR:

_____

Joseph M. Tipton, Judge

_____

Thomas T. Woodall, Judge