IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

# STATE OF TENNESSEE v. ROBERT ALLEN LEGGETT

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-1621   Cheryl Blackburn, Judge**

---

**No. M1999-01066-CCA-R3-CD - Decided April 14, 2000**

---

In this appeal the defendant, Robert Allen Leggett, challenges the sentence imposed by the trial court.  Defendant pled guilty to one count of conspiracy to sell over seventy pounds of marijuana and one count of money laundering, both Class B felonies.  Defendant was sentenced to two eleven year sentences to run concurrently, and fined $10,000.00 for each count.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

RILEY, J., delivered the opinion of the court, in which GLENN, J. and ACREE, Special J., joined.

James Bryan Lewis and Joshua G. Strickland, Nashville, Tennessee, for the appellant, Robert Allen Leggett.

Paul G. Summers, Attorney General and Reporter, David H. Findley, Assistant Attorney General, Victor S. Johnson, III, District Attorney General, and John C. Zimmermann, Assistant District Attorney General,  for the appellee, State of Tennessee.

## OPINION

## FACTS

Defendant was seen taking possession of a large box from an individual, whom the Metropolitan Police Department had placed under surveillance as part of an ongoing drug investigation. Defendant was followed to his residence where he was also placed under surveillance. Shortly after the defendant returned to his residence with the box, two other people showed up at his residence.  Both individuals were seen leaving the defendant's house shortly thereafter with suitcases. The Metropolitan Police Department stopped each of the individuals and discovered that each suitcase contained a twenty-two and a half pound bale of marijuana.

Defendant was stopped as he left his residence shortly thereafter.  When searched, police found $106,000 cash in his possession.  Police later executed a search warrant on the defendant's residence and found another twenty-two and a half pound bale of marijuana and $5,000 cash, for a

total of sixty-seven and a half pounds of marijuana and $111,000 in cash.

Defendant was indicted on one count of conspiracy to sell over seventy pounds of marijuana, one count of money laundering, both Class B felonies, and one count of delivery of more than 10 pounds of marijuana, a Class D felony. As a result of a plea agreement defendant pled guilty to both Class B felonies, and the Class D felony was dismissed. Sentencing was not part of the agreement, except for concurrent sentences. Defendant was sentenced to two eleven year sentences to run concurrently, and fined $10,000.00 for each count.[1] This appeal followed.

## SENTENCING - STANDARD OF REVIEW

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).[2]

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. Fletcher, 805 S.W.2d at 789.

---

[1]Although the defendant does not specifically assign error to the amount of the fines, he does allege in the last sentence of his brief that the fines are excessive. We conclude the fines were proper.

[2]The trial judge, Honorable Cheryl Blackburn, made extensive oral findings at the sentencing hearing. In addition, she filed a sentencing order detailing her sentencing determinations. Such excellent findings facilitate effective appellate review.

## WAIVER

The record does not contain a transcript of the guilty plea. This court has stated that in order to conduct an effective appellate review of the sentence imposed, a transcript of the guilty plea hearing is necessary. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). The transcript of the guilty plea serves as a window for the court to learn the circumstances behind sentencing. The guilty plea hearing is the equivalent of a trial. Id. at 843. Without the transcript of the guilty plea, this court must conclude that the sentence imposed by the trial court was correct. Id. at 844. Therefore, this court considers all issues pertaining to sentencing waived. This court will nonetheless address the merits.

## LENGTH OF SENTENCE

### A. Enhancement Factors

Defendant contends that the trial court improperly applied the enhancement factors. As to the defendant's previous criminal history, the defendant contends that the trial court erred by giving undue weight to the defendant's criminal history as an enhancement factor since the defendant's criminal record is comprised of only misdemeanors, two of which date back to 1981. *See* Tenn. Code Ann. § 40-35-114(1).

While the defendant acknowledges the misdemeanors that make up his official criminal record, it was also shown that the defendant has engaged in criminal conduct far more extensive than that reflected in his official criminal record. The defendant admitted using L.S.D., marijuana and cocaine at different times between 1967 and 1995. While such drug use is not part of the defendant's official criminal record, it is nonetheless a part of his criminal history that can be considered in sentencing. This court finds that the trial court properly considered the defendant's criminal history during sentencing as an enhancement factor.

Defendant contends that the trial court erred in finding that the defendant was a leader in the commission of an offense involving two or more actors. Tenn. Code Ann. § 40-35-114(2). In order to apply this enhancement factor, the evidence need only show that the defendant was "a" leader in the offense, not necessarily the sole leader. State v. Hicks, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993). The record reveals that the defendant delivered large bales of marijuana to two persons for further distribution. This enhancement factor was properly applied.

### B. Mitigating Factors

The defendant contends that the trial court erred by not considering certain mitigating factors. Specifically, the defendant contends that the trial court did not give proper consideration during sentencing to the fact that the defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1). While conduct that neither causes nor threatens serious bodily injury is a mitigating factor, this mitigating factor is generally entitled to little weight in cases involving drugs. State v. Carroll, C.C.A. No. 03CO1-9607-CC-00254, 1997 WL 457490, at *4

(Tenn. Crim. App. filed Aug. 12, 1997, at Knoxville). We see no reason to reduce the sentence based upon this factor.

The defendant further contends that the trial court erred by not giving proper consideration to the defendant's past employment record. Tenn. Code Ann. § 40-35-113(13). Although this court has not been consistent, the better view is that a good work history should be considered in mitigation. State v. Kelley, C.C.A. No. E1999-00557-CCA-MR3-CD, Knox County (Tenn. Crim. App. filed Feb. 28, 2000, at Knoxville). This court concludes that work history as a mitigating factor in this case is entitled to little weight. We also note that the defendant was dealing drugs at the same time he was gainfully employed.

After our review of the record, we conclude that the trial court applied the enhancement factors properly, and that the mitigating factors claimed by the defendant are relatively insignificant. The length of the sentence is proper, and we see no reason to disturb it.

## SENTENCING - COMMUNITY CORRECTIONS

The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. A defendant is eligible for participation in a community corrections program if the defendant satisfies several minimum eligibility criteria set forth at Tenn. Code Ann. § 40-36-106(a)(1)-(6). The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tenn. Code Ann. § 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

The defendant pled guilty to Class B felonies; therefore the defendant is not presumed to be a favorable candidate for alternative sentencing. *See* Tenn. Code Ann. § 40-35-102 (6). Further, the defendant was sentenced to two 11-year sentences to run concurrently. As set forth in Tenn. Code Ann. § 40-35-303 (a), "[a] defendant shall be eligible for probation...if the sentence actually imposed upon such defendant is eight (8) years or less..." As such, the defendant was not eligible for probation.

The defendant questions the trial court's actions in "looking behind the plea agreement" in denying community corrections. It is distinctly proper for a trial court to look behind the plea agreement and consider the true nature of the offenses committed. State v. Biggs, 769 S.W.2d 506,

507-08 (Tenn. Crim. App. 1988). We further reject the defendant's argument that he was unduly punished for the wrongs committed by others.

The record clearly reflects that the defendant has a long history of criminal conduct, as has already been discussed. As well, it was the view of the trial court that a less severe sentence would have depreciated the seriousness of the offense. The defendant was dealing drugs on a large scale. He was not a simple user, but was engaged in the drug trade to make profit. He had over $100,000 cash at the time of his arrest. It was his intent to heap large quantities of illegal drugs onto the streets. The defendant was not unduly punished based upon his "social status" as he alleges. Obviously, the trial court properly denied alternative sentencing.

## CONCLUSION

Based upon our review of the record, we affirm the judgment of the trial court in all respects.