# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 19, 2000 Session

## STATE OF TENNESSEE v. SCARLET ROSE BENDER

**Appeal from the Circuit Court for Dickson County**
**No. CR4695     Allen Wallace, Judge**

---

**No. M2000-1070-CCA-R3-CD - Filed October 13, 2000**

---

The Defendant pleaded <u>nolo</u> <u>contendere</u> to possessing with the intent to sell or deliver over one hundred pounds of marijuana, which is a Class B felony. Sentencing was left to the discretion of the trial court. Following a sentencing hearing, the trial judge sentenced the Defendant to eight years in the Department of Correction. On appeal, the Defendant argues that she should have been sentenced as an especially mitigated offender and that she should have been allowed to serve her sentence on probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

John B. Nisbet, III, Cookeville, Tennessee; William B. Lockert, III, Ashland City, Tennessee; and Chris Young, Assistant Public Defender, for the appellant, Scarlet Rose Bender.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Suzanne Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was indicted for possession with the intent to sell or deliver over one hundred pounds of marijuana, a Class B felony.[1] A transcript of the guilty plea proceeding is not contained in the record. The facts, as gleaned from the transcript of the sentencing hearing and the presentence report, are that the victim was driving alone in an automobile when she was stopped for a traffic violation on Interstate 40 in Dickson County. The officer detected the odor of marijuana coming from the vehicle, and the Defendant consented to a search. In a hidden compartment of the automobile, the officer found sixty-three separately wrapped packages of marijuana which had a total weight of 133.3 pounds. The Defendant entered a plea of nolo contendere to the offense charged in the indictment, with sentencing left to the trial court. After conducting a sentencing hearing, the trial judge sentenced her to eight years in the Department of Correction to be served as a Range I standard offender. It is from the sentence imposed by the trial judge that the Defendant appeals.

When an accused challenges the length, range, or manner of service of a sentence, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

When conducting a de novo review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. State v. Thomas, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988); Tenn. Code Ann. §§ 40-35-102, -103, -210.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

At the time of sentencing, the Defendant was twenty-four years old, unmarried, and had no prior criminal record. She was from Houston, Texas, was a high school graduate, and had been employed in the past at a Wal-Mart store in the Houston area. She testified that she had agreed to deliver the marijuana to Tennessee for a Texas drug dealer who had promised to pay her two thousand dollars to make the trip. She said that this was the first time she had served as a "courier" of marijuana. At the sentencing hearing, the State presented testimony that in recent months over

---

[1]Tenn. Code Ann. § 39-17-417(i)(13).

670 pounds of marijuana and over 265 pounds of cocaine had been seized along that particular stretch of Interstate 40. An officer also testified that one stop netted "approximately 29 million dollars worth of cocaine."

The Defendant's primary argument is that she should have received probation. As the State points out in its brief, the Defendant is statutorily ineligible for probation. The legislature has specifically provided that a defendant shall not be eligible for probation if the defendant is convicted of a violation of Tennessee Code Annotated section 39-17-417(i). See Tenn. Code Ann. § 40-35-303(a). Because the Defendant was ineligible to be considered for probation, the trial judge certainly did not err by denying probation.

In addition, the Defendant argues that the trial court should have found her to be an especially mitigated offender and thus should have reduced her minimum sentence and her release eligibility date.[2] A trial judge may find a defendant to be an especially mitigated offender if the defendant has no prior felony convictions and if the court finds mitigating but no enhancement factors. Id. § 40-35-109. This provision is not mandatory, but rather is discretionary. State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993); Tenn. Code Ann.§ 40-35-109, Sentencing Commission Comments. Whether a defendant is to be sentenced as an especially mitigated offender is a determination that rests within the sound discretion of the trial court. State v. Hicks, 868 S.W.2d 729, 730-31 (Tenn. Crim. App. 1993). It has been noted that finding a defendant to be an especially mitigated offender is reserved for "instances where the trial judge may desire to depart from even the minimum sentence for a Range I offender and impose lesser penalties." Tenn. Code Ann. § 40-35-109, Sentencing Commission Comments. The Defendant has not pursuaded us that the trial judge abused his discretion by not finding her to be an especially mitigated offender.

Based upon our review of this record, we cannot conclude that the trial judge erred or abused his discretion in sentencing the Defendant to serve eight years in the Department of Correction as a Range I standard offender. The judgment of the trial court is accordingly affirmed.

_____

DAVID H. WELLES, JUDGE

---

[2] See Tenn. Code Ann. § 40-35-109.