FILED

09/13/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

July 24, 2018 Session

## STATE OF TENNESSEE v. KAYLECIA WOODARD

**Appeal from the Criminal Court for Knox County**
No. 104200   Steven Wayne Sword, Judge

_____

### No. E2017-01893-CCA-R3-CD

_____

The defendant, Kaylecia Woodard, was convicted of two counts of aggravated robbery and received an effective sentence of fifteen years.  The sentence was vacated on appeal and the case was remanded for re-sentencing.  On remand, the defendant was sentenced to ten years' incarceration.  On appeal the defendant contends the trial court erred in applying enhancement factor (2) and in improperly weighing the enhancement factor. Upon our review of the record, arguments of the parties, and pertinent authorities, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Forrest L. Wallace, Knoxville, Tennessee, for the appellant, Kaylecia Woodard.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme Allen, District Attorney General; and Philip Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

#### A. Trial Proceedings and Direct Appeal

On June 16, 2014, the defendant, Anthony Smith, and Timeya Harris robbed the Grocery and Tobacco Market in Knoxville, Tennessee.  The defendant was the getaway driver while Mr. Smith entered the store and Ms. Harris acted as the look-out.  In 2015, a

Knox County jury convicted the defendant of two counts of aggravated robbery. The criminal gang enhancement statute was used to increase the aggravated robbery charge from a Class B felony to a Class A felony. Therefore, the trial court, after merging the convictions, sentenced the defendant, as a Range I standard offender, to fifteen years on each count. On direct appeal, this Court affirmed the defendant's conviction and summarized the facts, as follows:

> On [June 16, 2014], Anthony Smith robbed the store clerk, Mohammed Islam, at gunpoint. Mr. Islam described the offense at trial:

> What actually happened is I am working and my employee called me, I was talking to them. And one guy – with the bandana, he pull out the gun in front of me and said give the money. I said like two times, Hey, you play with me like I don't believe it two times. And third time merely I'm upset and I have the money so I give him the money. And one lady is outside walking.

> Store employee Michael Puri was on the telephone with Mr. Islam when he overheard someone "say give me all the money." Mr. Puri, who was visiting a friend in nearby Montgomery Village, ran toward the store. As he ran, he noticed an "out of place" vehicle "on the side street." He said that he knew "the two families that live in the houses right there next to that street very well and . . . knew that that car wasn't supposed to be there." He saw "that the driver was really on the steering wheel," which made him assume "that that could be the people that robbed" the convenience market. He "also noticed there was somebody in the back seat scuffling trying to maybe take off clothes." Because he thought the car might be involved in the robbery, he shouted out the license plate number, which was then taken down by "neighbors." Mr. Puri identified a photograph of the defendant as a person who "could fit the description of the driver" but admitted during cross-examination that he could not positively identify the defendant.

> Nineteen-year-old Anthony Smith testified that he committed the robbery at the Grocery and Tobacco Market with the assistance of the defendant and Timeya Harris. He said that the defendant planned the robbery, provided the handgun used in the robbery, and acted as the driver. Mr. Smith identified text messages he exchanged with the defendant while planning the robbery. Ms. Harris testified and

- 2 -

confirmed Mr. Smith's testimony that the defendant planned the robbery and provided the handgun that Mr. Smith used to commit the robbery.

After committing the robbery, Mr. Smith returned to the defendant's car and returned the gun to the defendant, who wiped the gun and put it into her backpack. Mr. Smith, Ms. Harris, and the defendant split the proceeds of the robbery three ways. Mr. Smith then changed clothes in the backseat of the defendant's car and put his clothes into his backpack. Ms. Harris removed the black hat and polo shirt she had worn during the robbery. The defendant then drove to Montgomery Village, where they visited briefly with Ms. Harris's sister. As they left, the police stopped the car.

Knoxville Police Department Officer Dana Crocker effectuated a "felony stop" of a vehicle being driven by the defendant after confirming that it met the description of the getaway vehicle described by Mr. Puri. Both Mr. Smith and Ms. Harris were passengers in the vehicle. Inside the vehicle, Officer Crocker "observed a backpack in the rear seat . . . and it was open." Inside the backpack she saw "red sweat pants, sweat shirt, which is what the information was given through dispatch . . . that one of the suspects had red on at the time of the incident." Mr. Smith confirmed that that backpack and clothing belonged to him. Officers found a second backpack, which Ms. Harris identified as belonging to the defendant, in the trunk of the car. That bag contained the loaded .22 caliber revolver identified by Mr. Smith as the weapon used in the robbery and personal items belonging to the defendant, including the defendant's iPhone and pieces of mail addressed to her.

Based upon this evidence, the jury convicted the defendant as charged of alternative counts of aggravated robbery.

*State v. Kaylecia Woodard*, No. E2016-00676-CCA-R3-CD, 2017 WL 2590216, at *1-2 (Tenn. Crim. App. June 15, 2017).

After affirming the defendant's conviction of aggravated robbery, this Court reviewed the defendant's argument that the criminal gang enhancement statute was unconstitutional. *Id.* at 6. The defendant argued that the statute was unconstitutionally vague and overbroad and violated the first amendment "because it criminalizes 'otherwise protected speech.'" *Id.* Declaring that this Court has repeatedly found the

- 3 -

criminal gang enhancement statute to be unconstitutional, the judgment was modified to a Class B felony and the case was remanded for re-sentencing on the modified judgment. *Id.* at 11.

### B.    Sentencing on Remand

During the September 21, 2017 re-sentencing hearing, the defendant argued she should be given the minimum sentence for a Class B felony of eight years because her age and lack of prior criminal history placed her at a low risk of recidivism.   The defendant objected to the application of Tennessee Code Annotated section 40-35-114(2), which allows for an enhanced sentence upon a finding that the defendant was a leader in the commission of a crime involving two or more criminal actors, claiming each participant was equally culpable.  If the trial court was to consider enhancement factor (2) at all, the defendant argued the trial court should not place great weight on the factor. The defendant also argued her admission of illegal drug use on her presentence report was a sign of honesty about her substance abuse struggles and should not be used to enhance her sentence.   The defendant also noted her two co-defendants were given sentences at the bottom end of the applicable range despite pleading guilty to an additional robbery, while additional charges against the defendant were voluntarily dismissed by the State at the end of trial.[1]   In support of mitigating her sentence, the defendant stated she completed several programs since her arrest and incarceration, including a victim impact program and the Focus Program.  She also worked in the call center at Tricor and as an assistant to the chaplain.  According to the defendant, she was in the process of obtaining her associate's degree in theology.  Finally, the defendant submitted letters of support from family members asking for leniency due to the defendant's mental health issues.

The State argued the defendant should receive the maximum sentence of twelve years.  The State noted the defendant was found to be the leader in the commission of the offense during the initial sentencing hearing, supplying the transportation and gun used during the robbery.  The State argued the lack of weight given to enhancement factor (2) at the original sentencing was due to the fact that the gang enhancement "pretty much took care of that by enhancing it to an [Class] A [felony]."  The State asked the trial court to place "very great weight" on the fact the defendant was the leader of the robbery.  The State also argued defendant's admission in her presentence report of the daily use of illegal drugs was an additional enhancement factor to be considered.  According to the

---

[1] The Defendant was originally charged with two additional counts of aggravated robbery stemming from a robbery of BJ's Market in Knoxville, Tennessee on June 12, 2014.  The charges were later dismissed.

- 4 -

State, the defendant had a high risk of recidivism due to her leadership role in the crime, her gang affiliations, and the fact that she blamed the result of her trial on trial counsel.

At the conclusion of the hearing, the trial court adopted its findings from the original sentencing hearing. The trial court stated this case was different from a regular getaway driver situation. Normally, a getaway driver would be the least culpable member of the offense. Here, however, the defendant was fully involved in the crime and was the leader in the commission of the offense. The trial court stated enhancement factor (2) applied and "it's pretty significant in this case, in my mind." Although the trial court found the defendant's admission of drug use constituted criminal behavior and could be used to enhance the defendant's sentence, the trial court did not place much weight to it because the defendant did not have any prior drug convictions. The trial court found the defendant's lack of prior criminal convictions of any kind was a significant mitigating factor. However, the defendant's age did not qualify as mitigation because "she was old enough to know better." Noting it would not be fair to sentence the defendant to the maximum sentence when her co-defendants were given the minimum sentence, the trial court sentenced the defendant to the middle of the range for a Class B felony, ten years for each conviction. The convictions merged, resulting in an effective ten-year sentence.

## *Analysis*

On appeal, the defendant argues the trial court erred in applying the leadership enhancement factor to her sentence and in giving the enhancement factor greater weight at re-sentencing than the trial court had originally. The State argues the trial court properly applied the enhancement factor and further contends the weight an enhancement factor is given during sentencing is not a proper ground for appellate review. Upon our review of the record, arguments of the parties, and pertinent authorities, we affirm the sentence imposed by the trial court.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." *Id.* § 40-35-103(4).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. §§ 40-35-114, -210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114." *Id.* § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing." *Id.* § 40-35-210(e).

When an accused challenges the length and manner of service of a sentence, this Court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Bise*, 380 S.W.3d at 709. This Court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

First, the defendant challenges the application of enhancement factor (2) arguing she was merely one of three criminal actors, each with proportional culpability. The defendant further contends Mr. Smith and Ms. Harris did not need additional encouragement to commit the robbery, all three actors are approximately the same age, and the three split the proceeds from the robbery equally. However, the record contradicts the defendant's contentions. Both Mr. Smith and Ms. Harris testified the defendant planned the robbery, acted as the getaway driver, and provided the handgun used during the commission of the robbery. The handgun was later found in a backpack with the defendant's belongings. The "enhancement for being a leader in the commission of an offense does not require that the defendant be the sole leader but only that he be 'a' leader." *State v. Hicks*, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993). Therefore, the record supports the trial court's application of enhancement factor (2).

Second, the defendant argues her sentence is excessive because the weight given to enhancement factor (2) was erroneous. The defendant asserts the relative weight given to enhancement factor (2) was not consistent between the original sentencing hearing and

the sentencing on remand. However, the defendant's argument is not an applicable ground for appeal as the weighing of mitigating and enhancing factors is left to the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The trial court's weighing of the various enhancing and mitigating factors is not grounds for reversal under the revised Sentencing Act. *Carter*, 254 S.W.3d at 345 (citing *State v. Devin Banks*, No. W2005-02213-CCA-R3-DD, 2007 WL 1966039, at *48 (Tenn. Crim. App. July 6, 2007), *aff'd as corrected*, 271 S.W.3d 90 (Tenn. 2008)).

Even if this Court were to review the weighing of the enhancement factor, the defendant's sentence would still be upheld as presumptively reasonable. Here, the trial court sentenced the defendant, a Range I, standard offender, to ten years, a length within the appropriate range of eight to twelve years for a Class B felony. Tenn. Code Ann. § 40-35-112(a)(2). Our review of the record indicates that the trial court imposed a within applicable range sentence of ten years after properly considering the evidence adduced at trial and the sentencing hearing, the presentence report, the principles of sentencing, the parties' arguments, the nature and characteristics of the crime, the potential for rehabilitation, and the evidence of enhancing factors. Tenn. Code Ann. §§ 40-35-103(5), -114, -210(b). Therefore, the defendant's sentence is presumed reasonable and we affirm the trial court's judgments.

The defendant also argues her sentence is erroneous because it is greater than the sentence imposed upon her two co-defendants. Although one purpose of our sentencing act is to eliminate unjustified disparity in sentencing and provide for consistent treatment of defendants, this Court has repeatedly held co-defendants are not entitled to identical sentences and enhancement and mitigating factors may be taken into consideration when determining an individual defendant's sentence. Tenn. Code Ann. § 40-35-105(2); *State v. King*, 432 S.W.3d 316, 322 (Tenn. 2014); *State v. Yangreek Tut Wal*, No. M2016-01672-CCA-R3-CD, 2017 WL 2875925, at *4 (Tenn. Crim. App. July 6, 2017); *State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001). The defendant is not entitled to relief.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE